IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DEBRA FARROW, as natural mother and on behalf of the decedent minor child, DeAunte Farrow, | * * * * * | |
| Plaintiff, | * * | |
| vs. | * * * * | No. 3:07cv00097 SWW |
| ERIK SAMMIS, JIMMY ELLIS, WILLIAM JOHNSON, individually and in his official capacity as Mayor of the City of West Memphis, Arkansas; ROBERT PAUDERT, individually and in his official capacity as Chief of Police for the West Memphis Police Department; and the CITY OF WEST MEMPHIS, ARKANSAS, | * * * * * * * * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

This is a [42 U.S.C. § 1983](#) wrongful death and survival action arising out of the tragic shooting death of 12-year-old DeAunte Farrow by a West Memphis, Arkansas police officer. DeAunte's mother, plaintiff Debra Farrow, filed this action on behalf of herself and on behalf of DeAunte against Erik Sammis, a police officer with the West Memphis Police Department (and who allegedly fired the fatal shots), Jimmy Ellis (subsequently identified as Jimmy Evans), also a police officer with the West Memphis Police Department, William Johnson, Mayor of the City of West Memphis, Robert Paudert, Chief of Police for the West Memphis Police Department, and the City of West Memphis, Arkansas. Plaintiff states that as a result of the shooting, she suffered severe emotional distress and loss of the love and affection of her child and that

DeAunte suffered great pain and suffering prior to his death.  Compl. at ¶ 18 [doc.#1].

The following motions are before the Court: (1) defendants' motion to dismiss for failure to perfect service and lack of standing [doc.#7]; (2) motion of Robin Perkins, DeAunte's biological father, to intervene for the sole purpose of seeking to stay these proceedings pending a determination from the Crittenden County Circuit Court, Probate Division, as to who will be named administrator of the estate [doc.#13]; (3) supplemental motion of separate defendants William Johnson, Robert Paudert, and the City of West Memphis to dismiss for lack of service and lack of standing [doc.#16]; (4) motion of separate defendants Erik Sammis and Jimmy Evans to dismiss for lack of standing [doc.#19]; and (5) supplemental motion of proposed intervenor, Robin Perkins, to stay proceedings [doc.#23].  Responses and replies to these motions have been filed and the matter is ready for decision.  For the reasons that follow, the Court grants the motions to dismiss for lack of standing and denies as moot all other motions.

 DeAunte was shot and killed on the night of June 22, 2007.  He is survived by his mother, plaintiff Debra Farrow, his brother, Archie Allen, Jr., and his biological father, Robin Perkins.  No estate has been opened and no personal representative has been named.  Plaintiff filed this wrongful death and survival action on July 18, 2007, and shortly thereafter filed two amended complaints, the first on July 25, 2007, and the second on August 7, 2007 (the second amended complaint was filed without attorneys' signatures, prompting a Deficiency Letter from the Clerk's Office that has been ignored).  Defendants subsequently filed the motions to dismiss now before the Court asserting that plaintiff lacks standing to bring this action.

In proceedings to vindicate civil rights, 42 U.S.C. § 1988 authorizes reference to state law for questions left unanswered by the applicable federal law.  Thus, in order to ascertain who

has standing to prosecute this § 1983 action, the Court must look to state law. *Archer v. Preisser*, 723 F.2d 639, 639-40 (8th Cir. 1983). *See also Andrews v. Neer*, 253 F.3d 1052, 1056 (8th Cir. 2001) (in § 1983 action, where the injured party dies, court looks to state law to determine who is a proper plaintiff, as long as state law is not inconsistent with the Constitution or federal law).

The Arkansas wrongful death statute, Ark. Code Ann. § 16-62-102(b), requires that every action for wrongful death be brought by and in the name of the appointed personal representative of the deceased person. *Davenport v. Lee*, 348 Ark. 148, 159, 72 S.W.3d 85, 91 (2002); *Byrd v. Tiner*, 81 Ark.App. 366, 369-70, 101 S.W.3d 887, 890 (2003). If there is no personal representative, then all heirs at law, *i.e.*, those statutory beneficiaries under Ark. Code Ann. § 16-62-102(d), must be joined as plaintiffs to the action. *Brewer v. Poole*, 362 Ark. 1, 11, 207 S.W.3d 458, 464 (2005). "Thus, the wrongful-death code does not create an individual right in a beneficiary to bring suit, and where no personal representative has been appointed, a wrongful-death suit must be filed with all of the heirs at law of the deceased joined as parties to the suit." *Hubbard v. National Healthcare of Pocahontas, Inc.*, — S.W.3d —, 2007 WL 3287583 (Ark.Sup.Ct. Nov. 8, 2007) (citing *Davenport*, 348 Ark. 148, 72 S.W.3d 85). Similarly, under Arkansas law, a survival action pursuant to Ark. Code. Ann. § 16-62-101 cannot be filed by an heir but must be brought by the estate through an executor or administrator. *Norton v. Luttrell,* 99 Ark.App. 109, — S.W.3d — , 2007 WL 1490915 (Ark.App. May 23, 2007); *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 201, 73 S.W.3d 584, 586 (2002); *Hubbard*, 2007 WL 3287583.

Here, the action filed by plaintiff Debra Farrow on behalf of herself and DeAunte was

neither brought by and in the name of an appointed personal representative of DeAunte nor were DeAunte's brother and biological father (both statutory beneficiaries under [Ark. Code Ann. § 16-62-102(d)](#)), joined as plaintiffs as required for a wrongful death action under [Ark. Code Ann. § 16-62-102(b)](#). Further, neither plaintiff nor anyone else has been appointed an administrator or executor as required for a survival action under [Ark. Code Ann. § 16-62-101](#). Therefore, at the time plaintiff filed this action, she did not have standing to pursue the claims against defendants. *[Hubbard](#)*, 2007 WL 3287583; *[Luttrell](#)*, 99 Ark.App. 109, 2007 WL 1490915.

Perkins, however, moves to intervene for the sole purpose of seeking to stay these proceedings pending a determination from the Crittenden County Circuit Court as to who will be named administrator of the estate, at which time he states the complaint may be amended. Perkins argues that Rule 17 of the Arkansas Rules of Civil Procedure prohibits dismissal of the action at this time. For her part, plaintiff argues that "[a]t the appropriate time, if it shall come, that an administrator is named, the parties will be appropriately substituted herein."

It is true that [Ark.R.Civ.P. 17](#) and its federal counterpart, [Fed.R.Civ.P. 17](#), prohibit dismissal of an action on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. But Rule 17 has no application here, however, because this action was not filed in accordance with [Ark. Code Ann. § 16-62-102(b)](#) or [Ark. Code Ann. § 16-62-101](#) and the original complaint thus is a nullity. *[Brewer](#)*, 362 Ark. at 14-15, 207 S.W.3d at 466; *[St. Paul Mercury Ins. Co.,](#)* 348 Ark. at 201, 204, 73 S.W.3d 584, 588; *[Hubbard](#)*, 2007 WL 3287583; *[Luttrell](#)*, 99 Ark.App. 109, 2007 WL 1490915. When the original complaint is a nullity, Rule 17 is inapplicable because the original complaint never existed and, therefore, there is no pleading

to amend. *Davenport*, 348 Ark. at 160, 72 S.W.3d at 94; *Brewer*, 362 Ark. at 15, 207 S.W.3d at 466. *See also* Jones ex rel. Jones v. Correctinal Medical Services, Inc., 401 F.3d 950, 952 (8th Cir. 2005) (adopting reasoning of Arkansas Supreme Court in *Davenport* that an original complaint that is a nullity cannot be corrected by amendment). Accordingly, dismissal of this action for lack of standing, irrespective of any future amendments that may be forthcoming, is required. *Cf.* St. Paul Mercury Ins. Co., 348 Ark. at 201, 204, 73 S.W.3d 584, 588 (noting that "[h]ad the motion to dismiss been heard before the amended complaint was filed, the complaint should have been dismissed based upon a lack of standing").[1]

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss for lack of standing [doc.#'s 7, 16, and 19] be and they hereby are granted; all other motions are denied as moot. Judgment will be entered accordingly.

Dated this 7th day of December 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] As previously noted, plaintiff has since filed two amended complaints, but these amended complaints suffer from the same defects as the original complaint; neither was filed in accordance with Ark. Code Ann. § 16-62-102(b) or Ark. Code Ann. § 16-62-101. In any case, because the original complaint never existed, there was no pleading to amend.